IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY DAVIS | ) | CASE NO. 1:10CV2372 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| US BANK | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

Plaintiff *pro se* Tracy Davis filed this action under 42 U.S.C. §§ 1983, 1985, 1986, and 21 U.S.C. §§ 241 and 242 against Defendant US Bank. This action arises out of the Bank's filing of a foreclosure action pertaining to Plaintiff's property. He asserts that a lien was illegally attached against this property because of federal taxes owed by Albert Davis. Foreclosure was nevertheless granted by the Common Pleas Court of Cuyahoga County, Ohio. *See Leader Mortgage Company v. Davis,* Case No. CV 01429885. In addition to the Federal claims, Plaintiff includes state claims for malicious abuse of process and intentional infliction of emotional distress. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF 2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The Cuyahoga County Common Pleas Court Docket shows that foreclosure on this property

occurred on January 10, 2002 and the property was finally sold on July 29. This Court cannot void the judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to State court decisions even if those challenges allege that the State court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of State court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in State court is barred from seeking what in substance would be appellate review of the State judgment in a United States District Court based on the party's claim that the State judgment itself violates his or her Federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak* Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in Federal District Court, the issue before the court must be inextricably intertwined with the claim asserted in the State court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the State court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the State court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in State court files suit in Federal District Court seeking redress for an injury allegedly caused

by the State court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiffs' particular case as opposed to a general constitutional challenge to the State law applied in the state action. *Id.*

In the present action, Plaintiff essentially questions the State court's decision granting a foreclosure. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the State court proceedings against them. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Plaintiff suggests that the Rooker-Feldman Doctrine does not apply to his case. In any event, there are other reasons why dismissal is proper. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of State law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a State or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588 * 3 (N.D. Ohio, Feb. 11, 2008). A Plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). A bank is a private party and could not have been acting under color of State law. Therefore, Plaintiff has no cause of action against this Defendant under § 1983.

Plaintiff included a cause of action under 42 U.S.C. § § 1985(2) for conspiracy to deny equal protection of the law for enforcing the right to equal protection. The second portion of 42 U.S.C. § 1985(2) which is applicable to his assertion provides:

> [O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ..."

In order to prove a cause of action under 42 U.S.C. § 1985(2), a Plaintiff must show the existence of a conspiracy among two or more persons. *Azar v. Conley,* 456 F.2d 1382, 1384 (6th Cir.1972). In addition, there must be allegations of racial discrimination or otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). Plaintiff has not alleged an actual conspiracy. US Bank is the only Defendant and it cannot conspire with itself. *Gosset v. Byron Products, Inc*, 407 F. Supp.2nd 918, 922 (S.D. Ohio 2005) (citing *Johnson v. Hills & Dales Gen. Hosp*., 40 F.3d 837, 839 (6th Cir. 1994). Nor has he alleged any classed base discrimination.

In order to state a claim under 42 U.S.C. § 1985(3) a Plaintiff must prove: 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, 3) an act in furtherance of that conspiracy, 4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir.1998). The conspiracy must be motivated by racial, or other class based animus. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268, (1993). Again, there is no allegation in the Complaint concerning race or other classed based discrimination.

4

42 U.S.C. § 1986 is dependent on a valid claim pursuant to 42 U.S.C. § 1985. *Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir. 1999). Because the Court has dismissed the claims under §§ 1985(2) and (3), Plaintiff cannot prevail under § 1986.

Plaintiff's claims under 18 U.S.C. §§ 241 and 242 also must fail. These criminal statutes do not provide a private cause of action. *Banks-Bey v. Acxiom*, 2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. For the reasons set forth above, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Because Federal claims against the Defendant are dismissed, the pendent State claims for malicious abuse of process and intentional infliction of emotional distress should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Since the Court has dismissed the Federal claims, the State pendent claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id*.

IT IS SO ORDERED**.**


Date:   January 11, 2011                                        S/Christopher A. Boyko
                                                                JUDGE CHRISTOPHER A. BOYKO
                                                                UNITED STATES DISTRICT JUDGE